**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNESTINE GOURDINE, | Civil Action No. 07-5825 (PGS) |
| Plaintiff, | |
| v. | **OPINION** |
| HUDSON COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

**APPEARANCES:**

> ERNESTINE GOURDINE, Plaintiff Pro Se
> 179 Goodwin Avenue
> Newark, New Jersey 07112

**SHERIDAN**, District Judge

Plaintiff Ernestine Gourdine seeks to file a Complaint in forma pauperis under 28 U.S.C. § 1915. Based on her affidavit of poverty, this Court will grant the application to proceed in forma pauperis. In accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B)(ii), this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff sues the Hudson County Superior Court, Superior Court Judge Peter Vazquez, and prosecuting attorney Leonardo Hernandez. The body of the Complaint is set forth below in its entirety:

> This Court has jurisdiction all of the defendants are under the color
> of law. I paid $25,000 for bail Nov 29, 2006 the court forfeiture

>the bail for no legal reason. The defendants reimburse me for the money that was forfeiture without due process. Indictment #235.02.07, 835.05.04, 1187.07.03.

(Compl. pp. 1-2.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified

2

standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

3

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Ernestine Gourdine sues the Superior Court of New Jersey, Judge Peter Vazquez and prosecuting attorney Leonardo Hernandez, based on the alleged forfeiture of bail money on November 29, 2006, for no legal reason and without due process. The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Fourteenth Amendment provides, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. Putting aside the question of whether Plaintiff's allegations show a constitutional violation, this Court will nevertheless dismiss the Complaint because none of the named defendants is subject to suit for damages under 42 U.S.C. § 1983. The Superior Court of New Jersey is not a "person" who may be sued for violation of constitutional rights under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983).[1] Plaintiff's claim against Judge Vazquez fails because the forfeiture of bail is a judicial act that is absolutely

---

[1] In addition, the Eleventh Amendment bars a damage action under § 1983 against the State of New Jersey. See Hafer v. Melo, 502 U.S. 21, 26 (1991); Will, 491 U.S. at 71.

4

protected from suit under § 1983. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000). Similarly, prosecuting attorney Hernandez is absolutely immune from damages under § 1983. See Kalina v. Fletcher, 522 U.S. 118 (1997); Burns v. Reed, 500 U.S. 478, 487 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976). As none of the named defendants is subject to suit under § 1983, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.[2]

## IV. CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint. The Court will enter an appropriate Order.

*[signature]*

**PETER G. SHERIDAN, U.S.D.J.**

Dated: 1/9/08 , 2007

---

[2] This Court is mindful that a district court should not dismiss a complaint with prejudice for failure to state a claim, without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). As the forfeiture of bail constitutes a judicial act for which a judge is absolutely immune, amendment of the Complaint to name additional parties would be futile. See State v. Wilson, 395 N.J. Super. 221, 226 (App. Div. 2007) ("We have long recognized that the decision to remit bail and the amount of remission are matters within the sound discretion of the trial court to be exercised in the public interest") (citations and internal quotation marks omitted).

5